Stay Alert Safety Servs. v. Pratt, 2017 NCBC 99.

STATE OF NORTH CAROLINA

FORSYTH COUNTY

STAY ALERT SAFETY SERVICES, INC.,

Plaintiff,

v.

THOMAS SCOTT PRATT; and ROADSAFE TRAFFIC SYSTEMS, INC.,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 4732

**ORDER ON OPPOSITION TO DESIGNATION**

1. THIS MATTER is before the Court on Plaintiff's Opposition to Designation as Mandatory Complex Business Case and Motion to Vacate Order of Designation ("Opposition"). For the reasons stated below, the Court concludes that the Opposition is meritorious, the case should proceed on the regular docket of the Superior Court of Forsyth County, and the designation and assignment order should be vacated.

*Craige Jenkins Liipfert & Walker LLP, by Ellis B. Drew, III, for Plaintiff.*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Jennifer R. Cotner and Phillip J. Strach, for Defendants.*

Gale, Chief Judge.

2. Plaintiff Stay Alert Safety Services, Inc. ("Stay Alert") initiated this action against its former employee Thomas Scott Pratt ("Pratt") and its competitor Roadsafe Traffic Systems, Inc. ("Roadsafe") on July 31, 2017. Stay Alert alleges that

Pratt breached the non-competition and non-disclosure provisions of his employment contract and seeks an injunction prohibiting Pratt from continuing his employment with Roadsafe. Stay Alert further alleges that Roadsafe knew of, and tortiously interfered with, Pratt's employment agreement with Stay Alert and engaged in unfair competition by using Stay Alert's confidential information to gain a competitive advantage.

3. On September 1, 2017, Defendants timely filed their Answer and Notice of Designation, representing that the case should be designated as a mandatory complex business case pursuant to N.C. Gen. Stat § 7A-45.4(a)(5) on the basis that the action involves material issues related to "[d]isputes involving the ownership, use, licensing, lease, installation, or performance of intellectual property," and pursuant to N.C. Gen. Stat. § 7A-45.4(a)(8) on the basis that the action involves a "[d]ispute[ ] involving trade secrets." N.C. Gen. Stat. § 7A-45.4(a)(5), -45.4(a)(8) (2015).

4. Based on Defendants' representation, Chief Justice Mark Martin designated the case as a mandatory complex business case on September 5, 2017. On September 6, 2017, the undersigned assigned the case to the Honorable Michael L. Robinson.

5. Stay Alert timely filed its Opposition on September 28, 2017, contending that the allegations in this action do not fall within the provisions of N.C. Gen. Stat. §§ 7A-45.4(a)(5) or 7A-45.4(a)(8). Stay Alert contends, rather, that its claims are focused solely on the alleged breach of the restrictive covenants in Pratt's employment agreement without involving material issues regarding either

intellectual property or trade secrets.  Further, Stay Alert contends that the 2014 amendment of Section 7A-45.4 forecloses designation based on a dispute asserting only a claim for common law unfair competition.

6.  Defendants timely filed their Response to Stay Alert's Opposition, contending that the Complaint seeks "injunctive relief and recovery for damages relating to Defendants' alleged breach of restrictive covenants containing non-compete and non-disclosure of [Stay Alert's] alleged confidential/proprietary information and trade secrets." (Notice of Designation 3.)  Defendants contend that when the Court looks beyond the specified causes of action and examines the underlying factual allegations on which the action is based, it is clear that this case includes a dispute involving material issues related to intellectual property and trade secrets.  Defendants' position rests on the definition of confidential information in the restrictive covenants that Stay Alert is seeking to enforce.  The restrictive covenant defines confidential information to include:

> information disclosed to or known by [the] [e]mployee as a consequence of or through his employment with the Company (including information conceived, originated, discovered or developed by [the] [e]mployee) not generally known about the Company's business, products, services and operations, including without limitation any trade secrets, know how, inventions, discoveries and improvements and ideas, whether or not patentable.

(Compl. ¶ 11.)  Defendants, therefore, argue that "[t]he enforceability of the Employment Agreement[']s [restrictive covenants] depend[s] largely on whether Plaintiff has a trade secret in the confidential information of which it claims Pratt is

in possession." (Defs.' Resp. Pl.'s Opp'n to Designation Mandatory Complex Business Case 5.)

7.    The Complaint uses the term "trade secrets" twice, but only when quoting the restrictive covenants in Pratt's employment agreement. (*See* Compl. ¶ 11.) The Complaint does not further allege actual misappropriation of Stay Alert's trade secrets pursuant to the North Carolina Trade Secrets Act, N.C. Gen. Stat. §§ 66-152 to 157. Stay Alert asserts only claims for breach of contract, tortious interference with contract, and unfair competition.

8.    This Court has previously explained that "[p]rior to the Business Court Modernization Act, N.C. Gen. Stat. § 7A-45.4(a)(4) allowed designation of a complex business case on the basis that it included a material issue related to 'state trademark or unfair competition law,'" but that "[t]he Business Court Modernization Act deleted express reference to unfair competition, and designation as a mandatory complex business case under that particular subsection is now restricted to disputes involving trademark law." *Cornerstone Health Care, P.A. v. Moore*, 2015 NCBC LEXIS 65, at *5 (N.C. Super. Ct. June 22, 2015). In particular, the Court stressed that it "has not historically been assigned cases based on the assertion of more generalized allegations of the employer's loss of confidential or proprietary information." *Id.* at *6-7.

9.    Defendants contend that this action is analogous to *Union Corrugating Company v. Viechnicki*, where the plaintiff asserted only a contract claim but made numerous factual allegations referring to and specifying what it contended to be its

trade secrets. *Union Corrugating Co. v. Viechnicki*, No. 14 CVS 6240, Order on Opp'n. Designation of Action as Mandatory Complex Business Case, at ¶ 3 (N.C. Super. Ct. Sept. 9, 2014). There, Judge Jolly concluded that the underlying disputes involved trade secrets and designation was proper even though no specific trade secret claim had been alleged.

10. Unlike in *Union Corrugating*, the Complaint here has no factual allegations to suggest that the dispute will require the Court to resolve material issues involving trade secrets or intellectual property. The Court cannot support designation based only on Defendants contention that "[t]he nature of the 'confidential information' and to the extent it can actually be protected by trade secret law is directly related to whether Plaintiff will be able to demonstrate that it has a legitimate business interest in enforcing this very broad non-compete clause." (Defs.' Resp. Pl.'s Opp'n Designation as Mandatory Complex Business Case 5.) Confidential information need not necessarily be a trade secret to be protected. Further, Stay Alert has indicated no intent to claim any trade secret misappropriation.

11. Based on the above factors, the Court concludes that this action does not include material issues involving trade secrets or intellectual property and, accordingly, that the case was not properly designated a mandatory complex business case. Therefore, the designation and assignment order are vacated, and the case should proceed on the regular civil docket of the Forsyth County Superior Court.

IT IS SO ORDERED, this the 1st day of November, 2017.

/s/ James L. Gale
_____
James L. Gale
Chief Business Court Judge